LUIS CARRERO, Plaintiff and Appellee, v. JUAN MORALES-DÍAZ, Defendant and Appellant.

No. 3484. Argued March 17, 1925.—Decided June 10, 1925.

DAMAGES—MEASURE OF DAMAGES—PERSONAL INJURY — PHYSICAL AND MENTAL SUFFERING.—Physical and mental suffering, as well as the permanent condition of the person injured, must be considered in determining the amount of recovery.

District Court of Mayagüez, Angel Acosta, J. Judgment for the plaintiff in an action for damages. *Modified and affirmed.*

*Rafael O. Fernández, Charles Hartzell, Jaime Sifre, Horacio Franceschi* and *Enrique Igaravídez* for the appellant. *Genaro Altiery* and *Pascasio Fajardo Martínez* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is an action for damages in which the District Court of Mayagüez rendered judgment for the plaintiff for the amount claimed, $1,420, on the findings made from the pleadings and the evidence. An extract of the findings is as follows:

" * * * that on the 14th day of November, 1923, at about 4 p. m., while the plaintiff, Luis Carrero, was traveling from the Playa to the City of Mayagüez along the right or south side of Méndez Vigo Street, * * * the defendant, Juan Morales Díaz, was driving along the north side of that street toward the Playa in automobile No. 1796, * * * and suddenly swerved the automobile * * * to the south side * * * and threw it * * * against the bicycle on which the plaintiff was mounted; that as a result of the collision the said bicycle was broken and the plaintiff was thrown to the ground, receiving a severe blow on the left side

of the thorax and a fracture of the fourth rib together with a severe contusion on one leg and bruises on several parts of his body; * * * that these injuries caused and still cause the plaintiff * * * to be sick and unable to do any work, especially his work of peddling notions * * * in which business he made a profit of $5 a day.

"* * * that the accident was due to the sudden swerving of the automobile by the defendant.

"* * * that the collision was due to the carelessness and negligence of the defendant * * * the place where it occurred being * * * on a broad and straight street * * *.

"* * * In this case the evidence * * . * is strong and convincing to the effect that the defendant suddenly turned the automobile aside and drove it toward the side of the street along which the plaintiff was traveling * * *."

The defendant appealed and alleges that the district court erred in finding that the accident was due to his fault and negligence and in fixing the amount of damages.

The evidence for the plaintiff consisted of the testimony of Doctors Lange and Guzmán and of Cristina de Santiago, Carlos Pérez, Nicolás Ramos, Alejandro Bravo and the plaintiff himself. Dr. Lange attended the plaintiff and Dr. Guzmán radiographed the injured parts. Both corroborated the facts found by the court in relation to the injuries. Witnesses Santiago, Pérez and Ramos saw the collision. From their testimony it appears, among other things, that Carrero was going along the south side of the street; that the defendant was driving in zigzag fashion; that it seemed that he did not know how to drive, and that he swerved the automobile and knocked the plaintiff into the gutter. Bravo testified to the peddler's license of the plaintiff. The plaintiff made out his case except on the point to which we shall refer hereafter.

The evidence for the defendant consisted of the testimony of Carmelo Soto, of his son Rodolfo and of his own testimony. They testified that when the defendant saw the plaintiff riding his bicycle at great speed he stopped the

automobile and the bicycle collided with it, that being the way in which the accident occurred.

From a careful examination of the evidence we conclude without hesitation that the conflict was properly adjusted by the trial court. The place where the collision occurred is a matter of great importance. The street is broad and straight and the plaintiff was thrown into the gutter by the sidewalk on his right.

Section 1803 of the Civil Code provides that "A person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done." And it having been shown that in the negligent manner described the defendant caused the damage to which we have referred, his obligation to repair it is clear.

The appellee maintains that payment of the doctor's fees, of the cost of the radiograph and of the medicines was not proved and that the testimony of the plaintiff himself was that he earned only an average of $2 a day.

It is true that there was no specific evidence of the payment of the first three items, but there was positive evidence that the radiograph was taken, that Doctor Lange rendered professional services and that medicines were used. The claim for medical attendance was $50, for the radiograph $5, and for the medicines $15. Under these circumstances we think that the judgment should not be modified on this point. There is no apparent exaggeration and the expense necessarily must have been incurred.

The appellant is right as regards the average daily earnings of the plaintiff. In the complaint it was alleged that it was $5 and the trial judge so found, but from the testimony of the plaintiff himself it is shown that he earned only $2. The judgment should be modified so as to reduce to $70 the item of $175 for 35 days during which the plaintiff could not work.

The appellant argues at length the question of whether the $1,175 claimed for "physical pain, bodily injury and

mental anguish which the plaintiff has suffered and still suffers" can be allowed. In this connection the court said in its opinion:

"* * * physical and mental suffering and also the permanent condition of the person injured are elements to be considered by the courts in determining the amount of recovery."

The accident was serious. The plaintiff not only suffered the fracture of a rib and was unable to work because of the physical pain and the consequent mental anguish, but Dr. Guzmán testified that he was left in a weak condition, "predisposed to pneumonia, pleurisy, or any other pulmonary ailment."

Such being the case, it can not·be concluded that the amount claimed and allowed is improper or excessive. *Morales* v. *Central Vannina,* 32 P.R.R. 188, 199; *Berríos* v. *Central Vannina,* 32 P.R.R. 199, 200.

Modified as stated, the judgment is affirmed.

Mr. Justice Wolf concurred in the judgment.